Jennifer A. Hradil
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

<u>Of counsel:</u>
Gerardo R. Rollison, Esq.
**Marshall & Melhorn, LLC**
Four SeaGate, Eighth Floor
Toledo, Ohio 43604
(419) 249-7100

*Attorneys for Plaintiffs*
*William P. Miller, D.O.*
*Scott J. Jarman, M.D.*
*Kam Momi, M.D.*
*Lawrence S. Deutsch, M.D .and*
*Mark Anthony Testaiuti, M.D.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| William B. Miller, D.O., Scott J. Jarman, M.D., Kam Momi, M.D., Lawrence S. Deutsch, M.D. and Mark Anthony Testaiuti, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> Nueterra Healthcare Management, LLC, Nueterra Holdings, LLC and Daniel R. Tasset, <br><br> Defendants. | **CIVIL ACTION NO.:** _____ <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs, William B. Miller, D.O., Scott J. Jarmain, M.D., Kam Momi, M.D., Lawrence

S. Deutsch, M.D. and Mark Anthony Testaiuti, M.D. (collectively referred to as "Physicians"),

located at 4000 Church Road, Mt. Laurel, New Jersey 08054, by and through their undersigned counsel, for their Complaint against Defendants, Nueterra Healthcare Management, LLC, Nueterra Holdings, LLC and Daniel R. Tasset (collectively, "Defendants"), allege as follows:

## PARTIES

1.  Physicians are residents of the State of New Jersey.

2.  Physicians are all board certified physicians licensed to practice medicine in the State of New Jersey.

3.  Nueterra Healthcare Management LLC ("Nueterra Management") is a member-managed Delaware limited liability company with its principal place of business located at 7520 West 160 Street, Suite 100, Shawnee Mission, Kansas 66085.

4.  Nueterra Holdings, LLC ("Nueterra Holdings") is a Delaware limited liability company with its principal place of business located at 7520 West 160 Street, Suite 100, Shawnee Mission, Kansas 66085.

5.  Daniel R. Tasset is the Chairman and Chief Executive Officer of Nueterra Management and Nueterra Holdings. Mr. Tasset resides at 13816 Outlook Street, Overland Park, Kansas.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 15 U.S.C. § 78j and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5], 15 U.S.C. §78t(a), 15 U.S.C. §78aa and 15 U.S.C. §78cc.

7.  Venue is proper pursuant to 15 U.S.C. §78aa because one or more of the defendants is located, resides and/or transacted business in this district.

## GENERAL ALLEGATIONS

8. Fellowship Spine Surgical Center, LLC ("Fellowship") is a New Jersey limited liability company with its principal place of business located at 715A Fellowship Road, Mt. Laurel, New Jersey. Fellowship was formed in October 2005 by Defendants. Fellowship was formed for the stated purpose of operating a surgical center that will make available to residents and communities in and around Mt. Laurel, New Jersey affordable and convenient surgical care, initially in the fields of neurosurgery, orthopedics, and pain management.

9. At the time of the transactions and events alleged in this Complaint, Defendant Nueterra Holdings, directly or indirectly, was a controlling person of defendant Nueterra Management for purposes of Section 20(a) of the Exchange Act [15 U.S.C. §78t(a)] and N.J.S.A. §49:3-71(d). Among other things, Nueterra Holdings had responsibility for, and actively participated in and directed, the management and operations of Nueterra Management, and Nueterra Holdings possessed, directly or indirectly, the power to direct or control, or cause the direction or control of, and directed or controlled, the management and operations of Nueterra Management.

10. At the time of the transactions and events alleged in this Complaint, Defendant Daniel R. Tasset, directly or indirectly, was a controlling person of Defendants Nueterra Management and Nueterra Holdings for purposes of Section 20(a) of the Exchange Act [15 U.S.C. §78t(a)] and N.J.S.A. §49:3-71(d). Among other things, Mr. Tasset had responsibility for, and actively participated in and directed, the management and operations of Nueterra Management and Nueterra Holdings, and Mr. Tasset possessed, directly or indirectly, the power to direct or control, or cause the direction or control of, and directed or controlled, the management and operations of Nueterra Management and Nueterra Holdings.

11. Nueterra Holdings is the parent company of Nueterra Management and Nueterra Equity Partners LLC ("Nueterra Equity"), which are wholly-owned subsidiaries of Nueterra Holdings (collectively referred to as the "Nueterra Affiliates"). The Nueterra Affiliates are each under the control of Daniel R. Tasset. Mr. Tasset is and was at all relevant times hereto the Chairman and Chief Executive Officer of the Nueterra Affiliates.

12. The Nueterra Affiliates are engaged in the business of the development, management and ownership of surgical facilities and specialty hospitals throughout the United States.

13. On October 18, 2005, the Defendants caused to be issued the Private Placement Memorandum ("PPM") attached hereto and incorporated herein as Exhibit 1, which offered up to one hundred (100) units of membership interests in Fellowship at the price of $7,500 per unit.

14. The units are securities within the meaning of 15 U.S.C. §78j and N.J.S.A. §49:3-49.

15. No registration statement was or is in effect as to any of the units offered or sold.

16. Nueterra Management was the initial and sole manager of Fellowship at the time of the issuance of the PPM.

17. Nueterra Holdings engaged counsel to prepare, pursuant to Nueterra Holdings direction, Fellowship's organizational documents, the PPM, the Subscription Agreement attached hereto and incorporated herein as Exhibit 2, and other materials attached to the PPM or discussed therein.

18. The PPM provided, in pertinent part, for the following:

- A ten (10) year Management Agreement including a management fee of $12,500 per month payable to Nueterra Management [total value of $1,500,000];

- A development fee payable to Nueterra Equity in the amount of $200,000;

- Nueterra Holdings right to distributions pursuant to its continuing ownership interest in Fellowship; and

- Nueterra Holdings continued presence on the board of managers of Fellowship.

19. In order to induce the Physicians to purchase the units being offered for sale, Nueterra Holdings, Nueterra Management and/or Daniel R. Tasset, directly or indirectly, made material misrepresentations and materially false and misleading statements and omissions in the offer and sale and in connection with purchase and sale of the units of Fellowship. The material misrepresentations and omissions concerned the performance of other facilities developed, managed and/or owned by the Nueterra Affiliates.

20. Specifically, the Defendants made a representation that the Defendants were providing "a brief summary of the performance of the medical facilities that ***are or have been*** managed by Nueterra Healthcare Management." See Exhibit 1, pg. 34. The Defendants did, in fact, disclose some, but not all, of the medical facilities that are or have been managed by Nueterra Healthcare Management. The facilities disclosed were broken into five categories as follows: (i) facilities that have consistently been profitable and have routinely declared dividends to their members; (ii) facilities that have exceeded case volume expectations and posted profitable operating results; (iii) facilities that have met or exceed initial economic

projections and their members are currently receiving regular distributions; (iv) facilities that opened in late 2004 and are generally meeting financial expectations in the first year of operation; and (v) facilities that opened in 2005 and are in their initial ramp up period. The defendants' disclosure only included facilities with positive or neutral financial performance. Although the defendants' disclosure stated that it included the facilities that ***are or have been*** managed by defendants, the disclosure specifically omitted facilities with a negative financial performance. The Defendants' disclosure further omitted facilities with regard to which the management agreement was terminated because of performance issues or other disputes with defendants Nueterra Holdings and/or Nueterra Management.

21. The foregoing representations and omissions were and are false and misleading and material.

22. Nueterra Holdings, Nueterra Management and Daniel R. Tasset knew that the misrepresentations and omissions described above were false and misleading because, in addition to the facts alleged above, Daniel Tasset was the Chairman and Chief Executive Officer of Nueterra Holdings and/or Nueterra Management at the time that the undisclosed facilities realized a negative financial performance and at the time the managements agreements from undisclosed facilities were terminated due to performance issues or other disputes. Furthermore, the counsel that drafted the PPM was affiliated with the same counsel that represented Nueterra Holdings and/or Nueterra Management with regard to the litigation and disputes concerning the undisclosed facilities that terminated their management agreement with Nueterra Holdings and/or Nueterra Management.

23. Daniel R. Tasset controls Nueterra Holdings and Nueterra Management. Accordingly, the scienter and knowledge of Mr. Tasset of the material misrepresentations and

omissions made in the offer or sale of and in connection with the purchase or sale of units of Fellowship is imputed to Nueterra Holdings and Nueterra Management.

24. In or around October 2005, the Physicians each purchased 17 units at a total cost of $7,500 per unit per Physician.

25. But for the fraudulent representations and omissions, neither the Physicians nor any reasonable person would have purchased the units.

26. The Physicians reasonably relied upon the fraudulent misrepresentations and omissions in purchasing the units.

27. After purchasing the units, and during the development stage for the surgical facility, Nueterra Equities and Nueterra Management breached their duties and obligations under the terms and conditions of the Development and Management Agreement.

28. As a result of their breach of the Development and Management Agreement, the opening of the surgical facility was delayed until December 2007.

29. Once the surgical facility opened in December 2007, Nueterra Management continued to breach its obligations as the manager of the facility pursuant to the terms and conditions of the Development and Management Agreement.

30. Sometime after December 2007, due to the breaches of the Development and Management Agreement, the Physicians contacted other centers to discuss Nueterra Management's performance as a manager. It was at that time that the Physicians first discovered the material misrepresentations and omissions set forth in the PPM regarding the undisclosed disputes.

## COUNT ONE

31. Plaintiffs incorporate the foregoing allegations of their Complaint as if fully rewritten herein.

32. In October 2005 Defendants, directly or indirectly, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities did knowingly or recklessly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statement of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

33. By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. §240.10b-5, thereunder.

## COUNT TWO

34. Plaintiffs incorporate the foregoing allegations of their Complaint as if fully rewritten herein.

35. At all times relevant hereto, Daniel R. Tasset was, directly or indirectly, a control person of Nueterra Holdings and Nueterra Management for purposes of Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a).

36. In October 2005, defendants Nueterra Holdings and Nueterra Management violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

37. As a control person of Nueterra Holdings and Nueterra Management, Daniel R. Tasset is jointly and severally liable with and to the same extent as Nueterra Holdings

and Nueterra Management for their violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder during this same time period.

### COUNT THREE

38. Plaintiffs incorporate the foregoing allegations of their Complaint as if fully rewritten herein.

39. In October 2005, Defendants, directly or indirectly, in connection with the offer, purchase or sale of securities did knowingly or recklessly: (a) employe devices, schemes or artifices to defraud; (b) make untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engage in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

40. By reason of the foregoing, Defendants have violated Title 49, Chapter 3, Section 52 of the New Jersey Statutes [N.J.S.A. §49:3-52].

### COUNT FOUR

41. Plaintiffs incorporate the foregoing allegations of their Complaint as if fully rewritten herein.

42. At all times relevant hereto, Daniel R. Tasset was, directly or indirectly, a control person of Nueterra Holdings and Nueterra Management for purposes of N.J.S.A §49:3-71.

43. In October 2005, defendants Nueterra Holdings and Nueterra Management violated N.J.S.A §49:3-52.

44. Pursuant to N.J.S.A. §49:3-71(d), as a control person of Nueterra Holdings and Nueterra Management, Daniel R. Tasset is jointly and severally liable with and to the same extent as Nueterra Holdings and Nueterra Management for their violations of N.J.S.A §49:3-52.

## COUNT FIVE

45. Plaintiffs incorporate the foregoing allegations of their complaint as if fully rewritten herein.

46. The Defendants made fraudulent misrepresentations of fact and omissions concerning the performance of the Nueterra Affliates in the development, management and operation of surgical facilities and specialty hospitals.

47. The fraudulent misrepresentations of fact and omissions were material.

48. The fraudulent misrepresentations of fact and omissions were made with intent to induce the Physicians into purchasing an ownership interest in Fellowship and consummating a business arrangement that would significantly benefit the Nueterra Entities.

49. The Physicians reasonably relied upon the fraudulent misrepresentations of fact and omissions in making the decision to purchase the units.

50. But for the Defendants' fraudulent misrepresentations of fact and omissions, the Physicians would not have purchased the units.

**WHEREFORE**, the Plaintiffs respectfully request that the Court:

a. Declare, determine and find that the Defendants Nueterra Holdings, Nueterra Management and Daniel R. Tasset committed the violations of the federal and state securities laws alleged herein.

b. Issue an order rescinding the Physicians purchase of Fellowship units and requiring that the Defendants, jointly and severally, refund to the Physicians the purchase price of said units, plus interest;

c. Issue an order awarding Physicians compensatory damages in an amount to be proven at trial;

d. Award Plaintiffs their costs and attorney fees incurred in bringing this action;

e. Grant such other and further relief as may be necessary and appropriate.

Dated: Newark, New Jersey
September 16, 2008

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

By: s/ Jennifer A. Hradil
Jennifer A. Hradil
William P. Deni, Jr.

Of counsel:
Gerardo R. Rollison, Esq.
**Marshall & Melhorn, LLC**
Four SeaGate, Eighth Floor
Toledo, Ohio 43604
(419) 249-7100

*Attorneys for Plaintiffs*
*William P. Miller, D.O.*
*Scott J. Jarman, M.D.*
*Kam Momi, M.D.*
*Lawrence S. Deutsch, M.D .and*
*Mark Anthony Testaiuti, M.D.*

#1341499 v1
108591-64169

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the above-captioned action is not the subject of any other action pending in any court. An arbitration claim has been filed by Defendants pursuant to the Development and Management Agreement against Fellowship Surgical Spine Center LLC and is venued in Overland Park, Kansas. The allegations in the Complaint, filed herewith, are not the subject of this pending arbitration.


Dated: Newark, New Jersey
September 16, 2008

                                                 **GIBBONS P.C.**
                                                 One Gateway Center
                                                 Newark, New Jersey 07102-5310
                                                 Telephone: (973) 596-4500
                                                 *Attorneys for Plaintiffs*
                                                 *William P. Miller, D.O.*
                                                 *Scott J. Jarman, M.D.*
                                                 *Kam Momi, M.D.*
                                                 *Lawrence S. Deutsch, M.D .and*
                                                 *Mark Anthony Testaiuti, M.D.*

                       By:       s/ Jennifer A. Hradil
                                                 Jennifer A. Hradil
                                                 William P. Deni, Jr.

# CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to Local Civil Rule 201.1(d), I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Plaintiffs seek, *inter alia*, an award of damages in excess of $150,000, exclusive of interests and costs and any claim for punitive damages.

Dated: Newark, New Jersey
September 16, 2008

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
*Attorneys for Plaintiffs*
*William P. Miller, D.O.*
*Scott J. Jarman, M.D.*
*Kam Momi, M.D.*
*Lawrence S. Deutsch, M.D .and*
*Mark Anthony Testaiuti, M.D.*

By:     s/ Jennifer A. Hradil
    Jennifer A. Hradil
    William P. Deni, Jr.